McVEY, Plaintiff in error, vs. THE STATE, Defendant in error.

*March 7—April 2, 1919.*

*Criminal law: Failure to submit special issue as to insanity: Writ of error: Record.*

1. Where the record before this court contains nothing to indicate that, either before or at his trial, the defendant or his counsel had made any claim that he was insane at the time of the commission of the alleged offense, or that the trial court had any reason to suspect that such was the fact, it cannot be held that it was error not to submit to the jury a special issue as to insanity, under sec. 4697, Stats.
2. An affidavit of counsel for defendant in such a case stating that before the trial he filed a plea of insanity with the clerk, which affidavit was not made a part of the record, cannot be considered in the appellate court.

ERROR to review a judgment and the record of the municipal court of Brown county: N. J. MONAHAN, Judge. *Affirmed.*

The writ was obtained to secure a new trial for *Hugh McVey* under the provisions of sec. 4719, Stats., after judgment and motion made within a year after the trial of the case. *McVey* was arrested November 24, 1916, charged with assault with intent to murder. He was given a preliminary hearing and bound over for trial. No plea of insanity of *McVey* was regularly interposed in the trial court. A paper was prepared by the clerk of the court at the request of counsel for *McVey* and marked by the clerk as filed, but nothing appears in the proceedings or the records of the

court or clerk to show that such plea was brought to the court's attention or relied on at the trial. No evidence was offered by defendant in support of the plea of insanity. The defendant was found guilty and sentenced to the state prison at Waupun at hard labor for a term of twenty years.

Shortly before the expiration of the year within which a writ of error could be issued to review the trial court's action, new counsel was secured for *McVey*. The district attorney was in the hospital, and while there a representative of the new counsel informed him that it was the intention of the attorneys for *McVey* to have the record of the trial court reviewed and that they desired also to make a motion for a new trial. On account of the district attorney's sickness it was agreed that if a writ of error be issued and motion for a new trial could be filed it might be argued and decided later with the same force and effect as if argued and decided prior to the expiration of one year. Accordingly a writ of error was issued from the supreme court. Motion for a new trial was filed and served, but was not argued nor decided until after the expiration of one year.

The trial court held that the stipulation extending the time in which the motion for a new trial could be heard and decided was of no effect under the law. No bill of exceptions could be settled, as the court had no authority nor control over its record beyond the year.

The plaintiff in error claims that the failure of the trial court to submit the issue of defendant's insanity to the jury constitutes reversible error in the case.

For the plaintiff in error there was a brief by *Martin, Martin & Martin,* and oral argument by *Gerald F. Clifford,* all of Green Bay.

For the defendant in error there was a brief signed by the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Wm. B. Surplice,* assistant district attorney of Brown county.

McVey v. State, 169 Wis. 72.

SIEBECKER, J.    Upon the record before this court there is but one question presented for review, namely: Did the court err in not submitting to the jury the inquiry whether or not the defendant was insane at the time of the commission of the offense with which he was charged, as provided by sec. 4697, Stats.?    The provisions of this section pertinent to this inquiry are:

"When any person is indicted or informed against for any offense and such person or counsel in his behalf shall, at the time and before the commencement of the trial, claim or pretend that such person, at the time of the commission of such alleged offense, was insane or feeble-minded and for that reason not responsible for his acts, the court shall order a special plea, setting up and alleging such insanity, or feeble-mindedness, to be filed on his behalf with the plea of not guilty; and the special issue thereby made shall be tried and determined by the jury with the plea of not guilty; . . ."

The record of the proceedings in the case on the trial contains nothing to indicate that the defendant or his counsel, before or at the trial, claimed or pretended that defendant was insane and for that reason not responsible for his acts. The minutes of the trial court show that no special plea of insanity was interposed by defendant or his attorney.    The paper among the files of the court setting forth such a plea and bearing a file-mark of the clerk of the court had not been seen by defendant or the court, nor had it been submitted by defendant or his counsel for filing, but was so left with the files through the mistake of the clerk, who had prepared it for defendant's counsel to be used by him if a plea of defendant's insanity was to be interposed.    Nor is there anything in the record tending to show that the court had any reason to suspect that defendant at the time of the commission of the alleged offense was insane and therefore not responsible for his acts.    The affidavit of the counsel is not part of the record of the proceedings of the court and cannot be considered in the case.    The record fails to disclose any error of the trial court in failing to submit the special issue

of defendant's insanity to the jury and the judgment entered in the case must stand.

*By the Court.*—The judgment is affirmed.

KERWIN and ROSENBERRY, JJ., took no part.